IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THERMA-STOR LLC and
TECHNOLOGIES HOLDINGS CORP.,

                              Plaintiffs,

          v.

ABATEMENT TECHNOLOGIES, INC. and
JOHN DOE ENTITIES 2 THROUGH 5,

                             Defendants.[2]

ORDER

09-cv-229-vis[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a civil case for declaratory, injunctive and monetary relief involving patent infringement claims brought by plaintiffs Therma-Stor and Technologies Holdings Corp. against defendants Abatement Technologies, Inc and John Doe Entities 2 through 5. Plaintiffs have filed a motion to transfer this case under 28 U.S.C. § 1404(a) to the Northern District of Georgia, where another patent infringement suit filed by plaintiffs

---

[1] The parties have declined jurisdiction of the magistrate judge in this case. Because no Article III judge has been assigned, I am assuming jurisdiction over this case for the purpose of this order.

[2] On January 6, 2010, plaintiffs voluntarily dismissed Applied Comfort Products, Inc. from this case. Dkt. #54. I have amended the caption accordingly.

1

against defendant Abatement Technologies, Inc. is pending. Dkt. #56. Defendant Abatement Technologies, Inc. does not oppose the motion. Dkt. #61. It is not clear whether plaintiff still intends to name John Doe Entities 2 through 5 or whether these entities would oppose the motion to transfer. However, because the motion is unopposed by the parties identified in the case and the convenience of the parties and witnesses and the interest of justice weigh in favor of transfer to Georgia, I will grant plaintiffs' motion.

DISCUSSION

Under 28 U.S.C. § 1404(a), a court may transfer a case to another district where the action may have been brought if the transfer serves the convenience of the parties and witnesses and will promote the interests of justice. 28 U.S.C. § 1404(a), Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). This case "may have been brought" in the Northern District of Georgia, because defendant Abatement Technologies is a Georgia corporation with its principal place of business in the Northern District of Georgia. Also, Abatement Technologies sells and distributes the allegedly infringing dehumidification devices in the Northern District of Georgia. 28 U.S.C. § 1391(b) ("A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the

2

claim occurred . . .").

Also, the convenience of the parties and witnesses favors transfer to Georgia. Defendant Abatement Technologies' principal place of business is in Georgia and many of its witnesses are located there. Plaintiffs admit that litigating in Georgia may be less convenient for them, because they are located in Wisconsin. However, by filing this motion to transfer, plaintiffs have chosen to forgo the conveniences of litigating in Wisconsin in favor of preserving their resources and avoiding jurisdictional disputes. Plaintiffs hope to add Applied Comfort Products, a Canadian corporation, as a defendant to this action. When plaintiffs attempted previously to add Applied Comfort Products to this case, Applied Comfort Products challenged this court's personal jurisdiction and plaintiffs agreed to voluntarily dismiss it. However, plaintiffs believe that the district court for the Northern District of Georgia may assert personal jurisdiction over Applied Comfort Products with little or no dispute. Therefore, transfer to Georgia will be in the interests of both plaintiffs and defendants.

Finally, transferring the suit to the Northern District of Georgia is in the interests of justice. The "interests of justice" include such concerns as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). Plaintiffs have filed a related case in the Northern District of Georgia and they

3

intend to consolidate that case with the present case. Also, the parties contend that there are no adverse jurisdictional issues present in the Northern District of Georgia. Therefore, transfer of this case will result in consolidation of related cases in a forum where jurisdictional issues do not have to be litigated, thus preserving judicial resources and speeding up the resolution of the case.

ORDER

IT IS ORDERED that the motion to transfer this case to the Northern District of Georgia, dkt. #56, filed by plaintiffs Therma-Stor LLC and Technologies Holdings Corp., is GRANTED. The clerk of court is directed to transmit the case file to the United States District Court for the Northern District of Georgia.

Entered this 2nd day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge